Keating, J.
(dissenting). When presented for her approval, article Fourteenth (par. [c]) of decedent’s will read as follows: “ (c) I give, devise and bequeath one of such equal shares as follows : per capita, to such of the children and adopted children of Ethel Gertrude Kicks and my late son, James B. Kicks, deceased as shall be living at the date of my death.”
Ethel Gertrude Kicks, the first wife of James, never had any adopted children. James adopted the two natural children of his third wife, Doris.
Decedent directed that the underlined words be deleted. The word “ of” was added immediately after the words stricken. The will was then executed in due fashion.
Thus, as executed after the deletion, the testatrix distributed a portion of her estate ‘ ‘ to such of the children of my late son James B. Kicks, deceased as shall be living at the date of my death.”
There is no ambiguity at all in the will as executed. It is only when we reinsert the words which decedent deleted and attempt to discern the intent with which they were deleted that an ambiguity arises. The majority thereby writes something into the will which the testatrix took out and on that basis discovers an intent to disinherit the adopted children, not of Ethel, nor for that matter of Doris (they were her natural children), but of James, who in fact adopted them.
Even if we say that there is an ambiguity, it is just as likely that the deletion occurred because the testatrix recognized the *643 error as because she intended to disinherit her son’s adopted children. Of course, the mistake could have been corrected by merely deleting the name of Ethel Gertrude Ricks but I do not think we can resolve an ambiguity against the adopted children by indicating, after reflection, that it could have been avoided.
Assuming the ambiguity, however, I nonetheless believe it should be resolved in favor of including the adopted children. This is the import of Matter of Park (15 N Y 2d 413) wherein we said: “ A testator or settlor must know that in the light of New York policy a foster child has exactly the same ‘ legal relation ’ to the parent as a natural child. In the absence of an explicit purpose stated in the will or a trust instrument to exclude such a child, he must be deemed included, whether the word ‘ heir ‘ child ’, ‘ issue ’ or other generic term expressing the parent-child relationship is used ” (supra, p. 417).
An ‘ ‘ explicit ’ ’ exclusion is the antithesis of an ambiguity and an ambiguity alone does not justify deviation from the rule announced in Matter of Park (supra). To exclude adopted children, the requirement is simple; there need only be an explicit statement to that effect. Absent such statement, or in the event of ambiguity, adopted children should be included.
Finally, I cannot agree that the testimony of Mr. McGorry, a witness to the will’s execution, was admissible to show the intent with which the words in question were deleted. These words did more than merely to indicate the attitude of the testatrix toward adopted children (see Matter of Ward, 9 N Y 2d 722). They constituted a direct statement of the decedent’s intention in striking the words and such parol evidence should have been excluded under well-established law.
As the court said in Matter of Kennedy (167 N. Y. 163, 170): “ The whole course of legislation in this state from the earliest times to the present day, concerning the execution and revocation of wills, discloses a clear purpose to substitute in all cases written for oral proof of a testamentary disposition of property and to sweep away all parol proof of testamentary intentions, and, hence, to exclude statements or declarations of the deceased.” (See, also, Matter of Bonner, 17 N Y 2d 9, 11.)
In my view, we should hold that the adopted children of James are entitled to share in the decedent’s estate by virtue of article Fourteenth (par. [c]) of her last will.
Order affirmed.